JOHN SIVOLELLA, PLAINTIFF-APPELLANT, v. HOWARD YEAGER, PRINCIPAL KEEPER, NEW JERSEY STATE PRISON AT TRENTON, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 16, 1968—Decided October 1, 1968.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. John Sivolella,* plaintiff-appellant, *pro se.*

*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney for defendant-respondent (*Mr. Eugene T. Urbaniak,* Deputy Attorney General, of counsel).

PER CURIAM. Sivolella was sentenced on November 18, 1965 in Passaic County upon his conviction of bookmaking to a term of 2 to 3 years in State Prison and ordered to pay a fine of $1,000; and to concurrent terms of 1 to 2 years on a charge of possession of lottery slips and of 1 to 2 years for working for lottery. On each of these latter he was also ordered to pay a fine of $1,000. In brief, the Passaic County sentences amounted to a minimum of two years and a maximum of three years, and fines in the total amount of $3,000.

On November 18, 1966 Sivolella, while serving the Passaic County sentences, was sentenced by the Bergen County Court upon his conviction of possession of lottery paraphernalia to a term of 1 to 2 years, made concurrent with the Passaic County sentences, and ordered to pay a fine of $1,000.

The Bergen County sentence expired on February 11, 1968, and Sivolella requested of the prison authorities that from that date forward he be given credit on the $1,000 fine imposed in Bergen County at the rate of $5 for each day of imprisonment yet to be served on the other sentences. His reliance was and is upon *N. J. S. 2A* :166-16. His request was denied and his appeal is from that denial.

The cited statute provides that when a person is confined in a penal institution "by reason of default in the payment of fines and costs of prosecution," he shall be given credit against the amount of such fine and costs at the rate of $5 for each day of confinement. This statute was not applicable to Sivolella because he was being confined, after the expiration of the Bergen County sentence, by reason of the Passaic County sentences, and not by reason of default in

the payment of fines. See *Baucum v. New Jersey Parole Board,* 68 *N. J. Super.* 271, 274 *(App. Div.* 1961).

Judgment affirmed.